# EXHIBIT D
# Opt Out Exhibit

EXHIBIT D: Opt-Out Notice

# NOTICE OF PROPOSED SETTLEMENT

This proposed settlement ("Settlement") concerns certain tidelands submitted for coverage under the Shellfish Settlement Agreement, *U.S. v. Washington*, Case No. C70-9213, Subproceding No. 89-3, Doc. No. 14476 (2007) and a proposed settlement of claims raised in litigation associated with the 2007 Shellfish Settlement Agreement, *U.S. v. Washington*, Case No. C70-9213, Subproceding No. 89-3-06 (the "Litigation"). In the Litigation, shellfish companies submitted numerous claims for coverage under the 2007 Shellfish Settlement Agreement ("2007 Settlement"), which exempts certain tidelands from Tribal harvest rights. The Treaty Tribes objected to some of the claims for coverage.

**If you control tidelands that were submitted for coverage in the Litigation and do not opt out of this proposed Settlement, the Settlement will affect your tidelands and the process utilized to determine Tribal shellfish harvesting rights, as set forth below.**

The specific terms of the settlement are described in a Settlement Agreement, which may be obtained from the Puget Sound Shellfish Growers Legal Defense Fund by emailing David Steele at dave@rockpointoyster.com or and will be posted on the Point No Point Treaty Council (www.pnptc.org) and the Northwest Indian Fisheries Commission's Website (www.NWIFC.org). This Notice does not change the terms of the Settlement Agreement and is intended as a summary of that document. In the event of any conflict between this Notice and the terms of the Settlement Agreement, the terms of the Settlement Agreement will govern. If you have questions regarding the meaning of this notice, it is recommended that you consult with an attorney.

## Summary of Your Legal Rights and Options

If you take no action, and the Settlement Agreement is approved by the Court, the Tribes waive their right to seek reimbursement or reallocation for past harvests that may have occurred on your tidelands during the pendency of the Litigation, subject to certain limitations described in the Settlement Agreement. If your parcel is listed on the list of parcels that would be covered by the Settlement Agreement, the Tribes would waive any claim and/or appeal that the parcel is not currently covered by the Settlement Agreement and the parcel would not be subject to Tribal harvests. If your parcel is not listed on the list of parcels that would be included in the Settlement Agreement, you would waive any claim and/or appeal that the parcel is included in the Settlement Agreement, and the parcel may be subject to Tribal harvests.

If your parcel is not covered by the Settlement Agreement and the parcel is currently being cultivated or harvested, you will have 60 days after approval of the Settlement Agreement to provide information indicating (1) whether they believe that the parcel has a natural bed and (2) if so, what the sustainable yield of wild shellfish available for Tribal harvest would be. You must provide all planting records from the past harvest cycle and harvest records from the past five years. Any such parcel would be subject to a 60-day stay on harvesting, which will be lifted immediately once you provide the requested information. If you fail to provide the required information within the 60-day period, you waive your right to claim there is no natural bed and

must provide the Tribes with at least 50% of the naturally occurring shellfish on the tidelands. The Settlement Agreement also includes deadlines for Tribal review of the information provided and execution of a harvest plan that governs Tribal harvest rights on such parcels. You will not be liable for any costs, damages, attorneys' fees, or other losses associated with the Litigation. However, this release does not extend to any future claims based upon breach of the Settlement Agreement.

You do not need to take any action to be part of the Settlement Agreement. If you elect to opt out and be excluded from the Settlement Agreement, the Court will exclude you from the Settlement Agreement, and all of its benefits and obligations. If you do not wish to participate in the Settlement Agreement, you must say so in writing. Your written request to be excluded must include your name and email address. To be effective, the exclusion request must be mailed or emailed to the Puget Sound Shellfish Growers Legal Defense Fund administrator by [xx], 2018, to the following email address or address:

David Steele
Puget Sound Shellfish Growers Legal Defense Fund
1733 Dabob Post Office Road
Quilcene, WA 98376-9758
Email: dave@rockpointoyster.com
Phone: 360-765-4664

You may use the above contact information if you have any questions regarding this Notice, the Settlement Agreement, or the Litigation.

## 1. WHAT THIS CASE IS ABOUT

In *U.S. v. Washington*, the Court held that the Treaty Tribes had a treaty right to 50% of the naturally-occurring shellfish in the State of Washington. In 2007, to resolve disputes between the State of Washington, Puget Sound Shellfish Growers, the United States, and Treaty Tribes, the parties entered into the Shellfish Settlement Agreement, which established a process by which shellfish companies could submit claims for coverage under the Shellfish Settlement Agreement. If the shellfish company established the requirements for coverage, qualifying tidelands are exempt from Tribal shellfish harvesting. In 2008, pursuant to this process, shellfish companies submitted over 900 claims for coverage.

Based upon several rulings from the Court, as part of this Settlement Agreement, the parties have reached agreement on the parcels that will be considered "covered" and "uncovered" under the Shellfish Settlement Agreement. The parties are now seeking to resolve all outstanding claims and issues in the Litigation without the need of further litigation or appeal of the Court's final order in the Litigation.

The party that submitted the initial claims for coverage, the Puget Sound Shellfish Growers Legal Defense Fund, supports this Settlement Agreement. Among the reasons for its support include: (1) the Tribes' agreement to waive claims for damages or harvest reallocation, subject to certain reservations; (2) avoiding additional litigation and/or appeals; (3) providing finality regarding which tidelands will be exempt from Tribal harvests; (4) avoidance of additional

attorneys' fees and costs; and (5) providing a clear and transparent process for determining Tribal harvest rights on "uncovered" parcels so as to minimize or avoid the need for additional litigation to determine the appropriate procedure.

## 2. WHY THIS NOTICE IS BEING PROVIDED TO YOU

Pursuant to a search of county records and investigation by the Puget Sound Shellfish Growers Legal Defense Fund, you are either: (1) a member of the Puget Sound Shellfish Growers Legal Defense Fund or (2) a shellfish company that we believe may be operating on a parcel that was initially submitted for coverage under the Shellfish Settlement Agreement in the Litigation. The purpose of this Notice is to inform you of the terms of the Settlement Agreement, the benefits and obligations described therein, important deadlines relating to the Settlement Agreement and subsequent steps, and the steps you must take if you want to opt out of the Settlement Agreement. If you do not opt out of the Settlement Agreement, you will waive any objection you may have regarding whether your parcel should be considered "covered" or "uncovered" under the Shellfish Settlement Agreement and/or any objection to the process described in the Settlement Agreement concerning Tribal harvest rights.

## 3. RIGHT TO OPT OUT

If the Court grants final approval of the Settlement Agreement, and if you do not properly and timely opt out of the Settlement Agreement by sending a written request to the Legal Defense Fund administrator as described above, then you will automatically be considered to be subject to the terms of the Settlement Agreement and be bound to its terms and any court order approving the Settlement Agreement and will release any adverse claims to the Litigation parties. Any opt out request that is not properly and timely submitted shall be deemed to be ineffective, may be disregarded by the Court, and may deemed to have been waived. Opting out of the agreement does not revive claims, toll deadlines, or provide the party choosing to opt-out any additional rights or remedies that they do not have currently.

**IF YOU ELECT NOT TO OPT OUT OF THE PROPOSED SETTLEMENT, YOU DO NOT NEED TO TAKE ANY FURTHER ACTION.**